**Bintou SONKO, et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–71399.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2003.

Decided June 4, 2003.

---

Before: REINHARDT, W. FLETCHER, and GOULD, Circuit Judges.

## MEMORANDUM *

Bintou Sonko and Alasana Bah appeal the Board of Immigration Appeal's ("BIA") decision to deny asylum under 8 U.S.C. § 1101(a)(42). Under the transitional rules, we have jurisdiction pursuant to INA § 106(a), 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1148–50 (9th Cir.1997). Because the facts are known to the parties, we relate them herein only as necessary to an understanding of our decision.

We review decisions to deny asylum for abuse of discretion, but review the factual findings upon which that decision is based for substantial evidence. *Mejia–Paiz v. INS*, 111 F.3d 720, 722 (9th Cir.1997). We also review credibility findings for substantial evidence. *Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000).

### Sonko's Credibility

■ The decision that Sonko's story about the rape was not credible and that she had not suffered past persecution is supported by substantial evidence. Sonko

gave inconsistent testimony at the hearing regarding whether the rape was mentioned during the asylum·interview. And the alleged rape was not mentioned in the interviewing officer's notes or written report.[1] These inconsistencies, discrepancies, and contradictions between Sonko's testimony at the hearing and her asylum interview regarding the alleged rape support the decision not to credit her testimony. *See Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

Additionally, the rape was a material fact that went to the heart of her claim of past persecution, *see Pal*, 204 F.3d at 938, but was not mentioned in her asylum application and was brought up for the first time in the proceeding before the Immigration Judge ("IJ"). This omission from the asylum application also supports the decision of the IJ and BIA not to credit Sonko's testimony. *See Rodriguez–Rivera v. U.S. Dept. of Immigration and Naturalization*, 848 F.2d 998, 1006 (9th Cir.1988).

Whether or not a fact-finder could have accepted Sonko's explanations and concluded that her testimony about the rape was credible, we are not free, given the state of the record evidence, to overrule the agency's credibility determination.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Sonko argues that no meaningful record of the asylum interview was created. However, the hand-written notes of asylum interview prepared by the asylum officer contain the questions asked and Sonko's answers and, if accepted, appear to be a meaningful and adequate record of the interview. *See Matter of S–S*, 21 I & N Dec. 121 (BIA 1995).

After oral argument, however, we asked the parties to submit supplemental briefing on whether procedural due process requires asylum interviews to be tape-recorded. Tape-recording of interviews might avoid the type of dispute that arose in this case about whether the asylum interview notes were accurate.

However, Sonko did not raise before the BIA any question whether procedural due process required taping of interviews as a prerequisite to admission of asylum interview notes. Because the BIA has the power, if it determines it appropriate to do so, to prohibit the introduction of asylum interview evidence in IJ proceedings if those interviews are not tape-recorded, *see In re S–S*, 21 I. & N. Dec. 121 (BIA 1995), the issue as to whether asylum interviews must be tape-recorded to satisfy due process in our view involves allegation of "procedural errors correctable by the administrative tribunal." *See Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 908 (9th Cir.1987) (internal quotations omitted). Therefore, we conclude that we are unable to reach the procedural due process issue here because Sonko did not raise this issue before the BIA. *See id.* at 907–08.

*Sonko's Fear of Persecution*

■ There is substantial evidence to support the finding that Sonko did not have a well-founded fear of persecution based on the combination of her political activities and her father's service as a high ranking minister in the former Gambian government. There was evidence before the IJ that the new government has not engaged in wide-spread arrests and generally has detained high-ranking ministers of the former government.

Sonko worked as her father's secretary, passed out flyers, and attended rallies, but she was not a high level official. And, after Sonko's father was arrested, she and ordinary citizens remained free to travel within and outside the Gambia. There is also evidence in the record that the new government has stated mere support of the former government is not enough to result in detention.

*Bah's Fear of Persecution*

■ The IJ's decision that Bah did not have a reasonable fear of future persecution is supported by substantial evidence.[2] The record supports the finding that Bah's brother did not participate in the counter-coup, that Bah was not a high-ranking minister of the former government, and that his status as the son-in-law of a high ranking minister did not put him at risk of detention.

**PETITION DENIED.**

---

2. Bah claims that his due process rights were violated because the IJ did not permit his brother to testify. This issue was not raised before the BIA. We lack jurisdiction to review this claim because the procedural error that Bah alleges could have been corrected by the BIA had it been properly raised before the BIA. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).