**Mohamed Bailor JALLOH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–0955–AG.

United States Court of Appeals, Second Circuit.

April 27, 2006.

Parker Waggaman, New York, New York, for Petitioner.

Brian E. Pawlak, Assistant United States Attorney (Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin), Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

Mohamed Bailor Jalloh, a native and citizen of Sierra Leone, filed a petition for review of a BIA decision affirming Immigration Judge ("IJ") Roxanne C. Hladylowycz's denial of Jalloh's claims for

asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

When the credibility of an applicant for asylum and withholding of deportation is placed at issue because of alleged statements made at the asylum interview, at a minimum, the record of the interview must contain a meaningful, clear, and reliable summary of the statements made by the applicant. *Matter of S–S*, 21 I. & N. Dec. 121 (BIA 1995). The IJ's reliance on Jalloh's asylum interview was correct. The record contains a detailed summary of the statements made by Jalloh and the follow-up questions asked by the asylum officer. Furthermore, the asylum officer's summary gave a clear and descriptive synopsis of the interview.

In this case, the IJ noted several problems with Jalloh's testimony, including discrepancies between his written application for asylum, his asylum interview, his oral testimony, his supplemental statement, and his documentary evidence. In particular: (1) Jallo testified that his home was attacked and his father was killed on January 10, 1999, yet his asylum application and his statements at his asylum interview indicate that the attack took place on January 17, 1999; (2) Jallo testified that he and his brother were arrested and held captive for six days by rebels from the Revolutionary United Front, yet he stated at his asylum interview that he avoided capture by the rebels; and (3) Jallo testified that he was hospitalized on April 27, 2000, and released six days later, on March 6, 2000, and only corrected this testimony when the impossibility of this was brought to his attention.

Jalloh has not challenged in this Court the IJ's denial of his claims for withholding of removal or CAT relief or the IJ's finding that he lacked corroboration. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).