Salimatou BAH, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

Mariama Diallo, Petitioner,

v.

Department of Homeland Security, Respondent.

Haby Diallo, Petitioner,

v.

Department of Homeland Security, Respondent.

Nos. 07–1715–ag, 07–1994–ag, 07–2120–ag.

United States Court of Appeals, Second Circuit.

June 11, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as Respondent.

See also, 529 F.3d 99.

Ronald S. Salomon, New York, NY, for Petitioner Salimatou Bah.

Theodore Vialet, New York, NY, for Petitioners Mariama Diallo and Haby Diallo.

Michael C. Heyse & Jessica E. Sherman, Trial Attorneys (Peter D. Keisler, Assistant Attorney General, Jeffrey S. Bucholtz & Gregory G. Katsas, Acting Assistant Attorneys General, Mary Jane Candaux & Michelle Latour, Assistant Directors, Joshua Braunstein, Cindy S. Ferrier, Lyle D. Jentzer, & Margaret Perry, Senior Litigation Counsel, Stacey I. Young, Trial Attorney, Ali Manuchehry, Law Clerk, on the briefs), Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondents.

Ana C. Reyes (Robin E. Jacobsohn, on the brief, Christopher N. Manning, of counsel), Washington, DC, for Amicus Curiae Center for Gender and Refugee Studies.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Salimatou Bah seeks review of the March 26, 2007 order of the Board of Immigration Appeals ("BIA") affirming the August 23, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Salimatou Bah*, No. A98 648 305 (B.I.A. Mar. 26, 2007), *aff'g* No. A98 648 305 (Immig. Ct. N.Y. City Aug. 23, 2005). Petitioner Mariama Diallo seeks review of

an April 12, 2007 order of the BIA affirming the July 1, 2005 decision of IJ Barbara A. Nelson denying her applications for asylum, withholding of removal, relief under the CAT, and cancellation of removal. *In re Mariama Diallo, Amadou Sow*, Nos. A97 849 373; A97 849 374 (B.I.A. Apr. 12, 2007), *aff'g* Nos. A97 849 373; A97 849 374 (Immig. Ct. N.Y. City July 1, 2005). Petitioner Haby Diallo seeks review of an April 20, 2007 order of the BIA affirming the August 12, 2005 decision of IJ Sandy K. Hom denying her applications for asylum, withholding of removal, and relief under the CAT. *In re Diallo, Haby*, No. A97 924 445 (B.I.A. Apr. 20, 2007), *aff'g* No. A97 924 445 (Immig. Ct. N.Y. City Aug. 12, 2005). We heard these three petitions in tandem and now consolidate them for disposition. The petitioners' withholding of removal and CAT claims related to female genital mutilation are addressed in a separately filed opinion. The underlying facts and procedural history of the cases are more fully set forth in the separately filed opinion, and we assume the parties' familiarity with the balance of the underlying facts and procedural history.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). In addition, when the BIA affirms the IJ's decision and closely tracks it, for the sake of completeness, we review both the IJ's and BIA's decisions. *See Wangchuck v. U.S. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2005). With respect to Salimatou and Mariama,[2] the BIA supplemented the IJs' de-

---

**2.** While we normally use parties' last names, two of the petitioners in these cases have the same last name; therefore, to avoid confusion, we refer to petitioners by their first names.

cisions and rejected the IJs' findings that the petitioners filed frivolous asylum applications, but otherwise affirmed the decisions in all respects. Thus, in those cases, we review the IJs' decisions as supplemented and modified by the BIA, minus the IJs' finding that the petitioners filed frivolous asylum applications. *See Xue Hong Yang,* 426 F.3d at 522; *Wangchuck,* 448 F.3d at 528. We review the IJ's decision in Haby's case as supplemented and modified by the BIA.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ As an initial matter, we lack jurisdiction to review the agency's conclusion in all three cases that the asylum applications were not filed in a timely manner because the petitioners' arguments do not raise "constitutional claims" or a "questions of law." *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Furthermore, we lack jurisdiction to consider Mariama's challenge to the denial of her application for cancellation of removal, which contests the IJ's factual determination. *See Barco–Sandoval v. Gonzales,* 516 F.3d 35, 36 (2d Cir. 2008). Accordingly, these portions of the petitions for review must be dismissed.

■ With respect to Salimatou Bah's withholding of removal and CAT claims based on her fear of future persecution on account of political opinion, we find that the agency's adverse credibility determination was permissibly based on inconsistencies between her testimony and the documents she submitted regarding the events that formed the basis of her claim, her failure to corroborate the details of these events, as well as the IJ's observations regarding her demeanor. As such, the determination was supported by substantial evidence.

In support of its adverse credibility determination, the agency pointed to inconsistencies between Salimatou's testimony and the documentary evidence that was central to her asylum application. The agency noted in particular a discrepancy surrounding Salimatou's testimony regarding her receipt of an R.P.G. membership card. Bah testified that she joined the party in January 1998 and received the card three months later. However, as the BIA noted, the card she submitted read "MEMBERSHIP CARD YEAR 200....," which contradicts her own testimony. In addition, the BIA pointed to one other contradiction related to Salimatou's R.P.G. membership, involving a letter submitted by "The Administration of the RPG," which stated that the military "tried many times to get her arrested," but did not mention the incident in which she was allegedly actually apprehended and detained. Moreover, when Salimatou was asked if there were any other attempts to arrest her, she stated that there was only one other incident in which they went to her home while she was away.

The agency also observed a more minor inconsistency regarding the date of her arrest. While minor date discrepancies may not always support an adverse credibility finding, *see Diallo v. INS,* 232 F.3d

279, 288 (2d Cir.2000), here, taken together with the more major inconsistencies identified by the agency as noted above, the "cumulative effect" of Salimatou's inconsistent testimony served to support the overall credibility assessment. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006).

The agency also noted that Salimatou did not offer corroboration as to her arrest and detention and found that such corroboration would have been easy to obtain from either the R.P.G. or her husband, who both submitted letters on Salimatou's behalf. Having already determined that Salimatou's credibility was in question, the agency was free to rely on the absence of corroborating evidence of her arrest and detention to further support its adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Moreover, the absence of corroborating evidence of Salimatou's alleged arrest and detention is material to her claim in that it relates to the subjective basis of her fear of persecution.

The adverse credibility determination was also based on the IJ's observation of Salimatou's demeanor during her testimony. The IJ specifically noted that Salimatou was evasive, hesitant, and unresponsive to the specific questions that were asked. We accord particular deference to such findings. *See Zhou Yun Zhang,* 386 F.3d at 73.

In sum, we find that the adverse credibility determination was supported by substantial evidence. And to the extent Salimatou's claim for relief under CAT was premised on the same factual basis as her withholding claim, the adverse credibility determination as to her withholding claim necessarily precludes success on her CAT claim. *See Xue Hong Yang,* 426 F.3d at 523. Accordingly, these portions of Salimatou's petition for review are denied.

■ With respect to Mariama Diallo's withholding of removal and CAT claims based on political persecution, the agency's adverse credibility determination was also supported by substantial evidence. In denying Mariama's application for relief, the agency noted numerous inconsistencies within her testimony as well as discrepancies between her testimony and statements she made in her asylum application.

To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole, not insignificant and trivial. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). While inconsistencies in dates may sometimes be deemed inconsequential, here the inconsistencies in the dates Mariama gave were so numerous and frequent that the IJ was unable to piece together a coherent timeline of the events upon which she based her claim. For instance, Mariama testified variously that the first attack on her family's home took place in 1985, 1986, 1987, and 1988. Moreover, the attacks on her family's home and their aftermath formed the crux of Mariama's claim that she had been persecuted on account of political opinion. The discrepancies between Mariama's testimony and evidence elsewhere in the record regarding whether her husband had been detained and for how long, whether her husband was present during the attacks on her home, and what her family was doing prior to the attacks are all central to her claim, and therefore provide substantial evidence supporting the adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308.

Mariama attempted to explain the internal inconsistencies in her testimony and the discrepancies in the record by blaming the passage of time and her poor memory. Mariama's husband also explained that Mariama had difficulty speaking to authority figures. However, the IJ was not obligated to credit these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). As the adverse credibility determination was supported by substantial evidence, this portion of Mariama's petition for review is denied.

 Finally, with regard to Haby Diallo's withholding of removal and CAT claims based on her political-party membership, we also conclude that the agency's adverse credibility determination is supported by substantial evidence. First, Haby does not challenge the IJ's conclusion that her testimony was generalized and vague or the IJ's conclusion that Haby's inability to give the "full and correct" name of the political organization for which she was allegedly an assistant and to correctly identify geographical features in Guinea undermined her credibility. Accordingly, we deem such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Moreover, the IJ appropriately based the adverse credibility determination on inconsistencies between Haby's testimony and other materials. The record supports the agency's finding of an inconsistency between Haby's testimony and initial written application regarding whether, after her three-month hospitalization for injuries sustained from her alleged beating in detention, she was released from custody or returned to prison. The agency was not required to accept her explanation for this discrepancy—that her initial application was prepared by a non-attorney—where a reasonable fact-finder would not be compelled to do so. *See Majidi v. Gonzales*, 430 F.3d at 80–81.

The record also supports the IJ's finding of an inconsistency between Haby's hearing testimony and her asylum interview statement regarding a pregnancy she miscarried in prison.[3] Considered cumulatively with the inconsistency noted above, this finding formed an appropriate basis for the adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d at 402. Accordingly, these portions of Haby's petition for review are denied.

As the agency found petitioners credible with respect to their claims based on female genital mutilation, this decision does not impact those claims, and they are addressed separately in an opinion filed today.

For the foregoing reasons, the petitions for review are DENIED in part and DISMISSED in part. For the reasons set forth in separately filed opinion, the petitions for review are GRANTED in part and DISMISSED in part.

---

3. Haby failed to raise any challenge to the IJ's reliance on the asylum interview. In any event, we note that the asylum officer's written statement was sufficiently reliable to form the basis of an adverse credibility finding because it provided a detailed summary of Haby's claimed political involvement, imprisonment, and beating that is mirrored, in large part, by her written application. *See Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir.2006) (quoting Matter of S–S–, 21 I. & N. Dec. 121, 124 (BIA 1995)) (internal quotations omitted); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).