# In re S-S-, Applicant

*Decided November 8, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In order to fully and fairly review a decision of an Asylum Office Director in asylum proceedings, the Board of Immigration Appeals must have before it the primary evidentiary matters relied upon by the initial adjudicator.

(2) When the credibility of an applicant for asylum and withholding of deportation is placed in issue because of alleged statements made at the asylum interview, at a minimum, the record of the interview must contain a meaningful, clear, and reliable summary of the statements made by the applicant. In the alternative, a record of the interview might be preserved in a handwritten account of the specific questions asked of the applicant and his specific responses or through transcription of an electronic recording.

FOR APPLICANT: Robert A. Perkins, Esquire, Chicago, Illinois

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Edward Weiss, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

HURWITZ, Board Member:

In a decision dated May 23, 1995, the director, Newark Asylum Office, denied the stowaway applicant's requests for asylum and withholding of deportation pursuant to sections 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1253(h) (1994). The applicant has appealed. The record will be remanded to the director. The applicant's request for oral argument before the Board is denied.

## I. BACKGROUND

This case was last before us on June 16, 1994, at which time we affirmed a decision of the acting assistant commissioner of the Immigration and Naturalization Service's Office of Refugees, Asylum, and Parole, dated May 9, 1994, which denied the applicant's original requests for asylum and withholding of deportation. The case was thereafter reopened upon motion by the

Service and remanded for de novo proceedings. The director's decision of May 23, 1995, and this appeal followed. We are called upon to review the director's findings concerning the applicant's credibility and, in so doing, to assess the adequacy of the record as presently constituted.

## II. ISSUE

What constitutes an adequate record for appellate review of the director's decision in a case involving an alien stowaway who applies for asylum and withholding of deportation where credibility is at issue?

## III. THE LAW

An applicant for asylum or withholding of deportation bears the evidentiary burdens of proof and persuasion in connection with any application under section 208 or 243(h) of the Act. *Matter of Acosta*, 19 I&N Dec. 211 (BIA 1985), *modified on other grounds, Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987). To be eligible for asylum under section 208 of the Act, an alien must show either past persecution or a well-founded fear of future persecution in a particular country on account of race, religion, nationality, membership in a particular social group, or political opinion. An applicant for asylum has established a well-founded fear if a reasonable person in his circumstances would fear persecution on account of one of the grounds enumerated in the statute. *Matter of Mogharrabi, supra; see also Matter of Chen*, 20 I&N Dec. 16 (BIA 1989) (relating to past persecution); 8 C.F.R. § 208.13(b)(2) (1995) (defining well-founded fear of persecution as requiring "reasonable possibility" of actual persecution). The burden of proof required to establish eligibility for asylum is lower than the clear probability standard of eligibility required for withholding of deportation. *See INS v. Stevic*, 467 U.S. 407 (1984); *see also INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

## IV. THE DIRECTOR'S DECISION

In determining that the applicant had not established his persecution claim, the director expressed reservations with respect to the applicant's credibility. The director based his adverse credibility finding in large part on discrepant information provided by the applicant in his first interview with an asylum officer which was conducted on April 26, 1994, and his second interview, which was conducted on November 4, 1994. The director further noted that information provided in each of these interviews was inconsistent with information provided by the applicant on his Request for Asylum in the United States (Form I-589).

## V.  THE APPLICANT'S CREDIBILITY AND THE ADEQUACY OF THE RECORD

On appeal, the applicant argues, inter alia, that the director erred in using the information from the first interview in making an adverse credibility finding.  Counsel for the applicant submits that the first interview was flawed, and the record of it inadequate, due to faulty translation and lack of transcription.

As noted earlier, the burden is upon the applicant for asylum to establish the basis for his claim.  A persecution claim which lacks veracity cannot satisfy the burden of proof and persuasion necessary to demonstrate eligibility for asylum and withholding relief.  *See generally Matter of Mogharrabi, supra*, at 445 (BIA 1987); 8 C.F.R. §§ 208.13(a), 208.16(b) (1995).  In this case, the credibility of the applicant is at issue and crucial to the resolution of this appeal.  We have concluded that the present record provides an inadequate basis for assessing the adverse credibility finding made by the director.

The director's notice of intent to deny dated January 12, 1995, contained an account of what transpired at the applicant's interviews with the asylum officer.  The applicant disputes the facts reflected in that notice.  The record also contains notes that apparently were made contemporaneously with each of the applicant's interviews on April 26, 1994, and on November 4, 1994.  However, these notes are obviously the informal, personal notations of the asylum officer that were never intended to be a formal summary of the interview.  They are randomly organized, cryptic to all but the note-taker, and partially illegible.  Consequently, they are of little value in evaluating the applicant's credibility. We are asked to consider comparatively the information provided by the applicant in these interviews and to assess the applicant's veracity, but we find the records of the interviews inadequate for appellate review.  Consequently, we are unable to enter a decision in this case on the basis of the record as now constituted.

In order to fully and fairly review a decision entered in a case, this Board must have before it the primary evidentiary matters relied upon by the initial adjudicator.  For example, in the adjudication of appeals taken in deportation proceedings, the record will normally contain a verbatim transcript of the proceedings below.[1]

When, as in these asylum proceedings, the applicant's credibility is placed in issue because of alleged statements made at the asylum interview, our

---

[1] An exception to this rule occurs where it appears that an appeal may be summarily dismissed under 8 C.F.R. § 3.1(d)(1-a)(1995).  In that instance, either party may request that the Immigration Judge forward the case to the Board without a transcript. Thereafter, if the Immigration Judge determines that a transcript is necessary for the proper adjudication of the appeal, he may direct that a transcript be included.  This decision may not be appealed.  *Matter of Torre*, 19 I&N Dec. 18 (BIA 1984), *modifying in part Matter of Gamboa*, 14 I&N Dec. 244 (BIA 1972).

review requires a reliable record of what transpired at that interview. This record might be preserved in a hand-written account of the specific questions asked of the applicant and his specific responses to those questions. Such question and answer statements could be signed by the applicant as an accurate summary of the interview. Alternatively, a suitable record could be produced through transcription of an electronic recording of the asylum interview. At a minimum, the record must contain a meaningful, clear, and reliable summary of the statements made by the applicant at the interview. The Board needs to know what transpired in the proceedings before the asylum officer before we can evaluate questions with respect to credibility arising from the interview. Only then can we determine whether the notice of intent to deny accurately and thoroughly informed the applicant of all adverse considerations which serve as the basis for the intended denial. *See* 8 C.F.R. § 208.14(b)(3) (1995); *see also* 8 C.F.R. § 103.2(b)(16) (1995); *cf. Matter of Arias*, 19 I&N Dec. 568 (BIA 1988). This record will also be indispensable to the applicant in preparing his rebuttal to the notice of intent to deny, and in making his arguments on appeal.

As the present record provides an inadequate basis for determining credibility and therefore fairly adjudicating the applicant's persecution claim, the record will be remanded to the director for whatever further action is required to address the concerns discussed herein.

**ORDER:** The record is remanded to the Asylum Office director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

Board Member Lauri S. Filppu did not participate in the decision in this case.