**Armenuhi MOVSISYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70156.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.[*]

Decided July 21, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Movsisyan's request for oral argument is denied.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Armenuhi Movsisyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and review the IJ's decision because the BIA affirmed her conclusions pursuant to 8 C.F.R. § 1003.1(e)(5). *See Arulampalam v. Ashcroft,* 353 F.3d 679, 680 (9th Cir.2003). We grant the petition for review in part, and remand for further proceedings.

Movsisyan's challenge to the BIA's procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003). She did not exhaust her asylum claim with respect to Iran, and we are therefore without jurisdiction to review that aspect of the petition. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

Armenuhi Movsisyan, Glendale, CA, pro se.

Alexander Morales, Law Offices of Boghosian & Morales, Glendale, CA, for Petitioner.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The IJ's adverse credibility finding against Movsisyan is not supported by substantial evidence. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). The IJ presented three reasons for her credibility determination, none of which meets this standard.

■ First, the IJ based her finding on what she concluded were Movsisyan's inconsistent representations to an asylum officer, as compared with the declaration Movsisyan presented at the removal hearing and Movsisyan's testimony at that hearing. The record does not contain any notes of the asylum interview, however, and the asylum officer did not testify. This ground is therefore not supported by substantial evidence, as review for credibility purposes of a petitioner's statements at an asylum interview requires, "[a]t a minimum, . . . a meaningful, clear, and reliable summary of the statements made by the applicant at the interview." *In re S–S–*, 21 I. & N. Dec. 121, 124, 1995 WL 688875 (BIA 1995) (en banc). Movsisyan testified that the asylum officer did not ask her about the core of her asylum claim and that the interpretation was faulty. Without a summary of that interview, we cannot "know what transpired in the proceedings before the asylum officer." *Id.* In addition, the IJ improperly discounted Movsisyan's plausible explanation for why the application she presented to the asylum officer was incomplete, namely that the application was prepared by a friend who did not translate it for her. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) ("Inconsistencies due to an unscrupulous preparer, without other evidence of dishonesty . . . do not provide a specific and cogent basis for an adverse credibility finding.").

■ Second, the IJ stated that Movsisyan "has not filed any documents to corroborate her claim." The IJ made no finding, however, that the documentation she desired is "easily available," nor did she afford Movsisyan an opportunity to explain the absence of corroborating documentary evidence. In these circumstances, an adverse credibility ground is not adequately supported. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir. 2000).

Finally, the IJ erred in discrediting Movsisyan's explanation for why her sister was not at the hearing to testify on her behalf. We have used the example of a potential witness's illness in the context of requiring IJs to accept credible explanations for a petitioner's failure to produce a relative to testify. *See id.* Because Movsisyan's unrefuted testimony established that her sister's absence was due to sickness, the IJ mistakenly rejected this credible explanation.

The IJ denied Movsisyan's application based on an adverse credibility finding, rather than reaching the merits. We therefore remand this matter for further proceedings to determine whether, accepting Movsisyan's testimony as credible, she is eligible for asylum and withholding of removal. *See He v. Ashcroft*, 328 F.3d 593, 603–04 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; REMANDED.**