**Altin CEKAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0686–ag.

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Robert J. Pures II, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney, Madelyn Johnson, David Carey Woll, Jr., Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Altin Cekaj, a native and citizen of Albania, seeks review of a January 17, 2006 order of the BIA affirming the December 14, 2004 decision of immigration judge ("IJ") Michael Straus denying Cekaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Altin Cekaj,* No. A95 841 145 (B.I.A. Jan. 17, 2006), *aff'g* A95 841 145 (Immig.Ct.Hartford, December 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions-or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, an IJ's adverse credibility determination may not be based on speculation or conjecture; the IJ must give specific and cogent reasons for disbelieving an applicant's testimony. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005).

Here, the IJ's adverse credibility determination can be upheld under this framework. The IJ reasonably relied on the unexplained discrepancy regarding the timing of Cekaj's medical treatment, as the question of timing relates directly to the sequence of events surrounding an instance of alleged persecution on account of Cekaj's membership in the Democratic Party, and also reasonably rejected Cekaj's explanation as inadequate. The IJ

was also reasonable in relying on inconsistencies between an asylum officer's assessment memorandum and Cekaj's hearing testimony as a factor that negatively impacted Cekaj's overall credibility, as the memorandum was "meaningful, clear, and reliable." *See Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir. 2006); *Matter of S–S–,* 21 I. & N. Dec. 121, 1995 WL 688875 (BIA 1995). Additionally, it was reasonable for the IJ to find implausible Cekaj's explanation that his submitted letters had been written well before his departure from Albania for identification and police complaint purposes and had been translated in relation to his brother's asylum application, especially in light of his brother's testimony that his parents had not verified or sent him any documents. Finally, the IJ reasonably concluded that it was implausible that the letter from the Democratic Party was written for identification as a party member within Albania, as it detailed Cekaj's specific activities with the party, the fact that two of his relatives had been shot during the communist regime, and that his life was in danger in Albania.

The IJ's adverse credibility determination is thus substantially supported by the record as a whole. Because the only evidence of a threat to Cekaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Moreover, as the evidence in the record does not indicate that Cekaj is more likely than not to be tortured, the denial of his CAT claim is also well-founded. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).