**SHENG QIANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Board of Immigration Appeals, Respondents.**

No. 06–1504–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Henry Zhang, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney, Middle District of Florida, David P. Rhodes, Judy K. Hunt, Assistant United States Attorneys, Tampa, Florida, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Sheng Qiang Chen, a native and citizen of China, seeks review of the March 20, 2006 order of the BIA affirming the May 27, 2004 decision of Immigration Judge ("IJ") Alan Vomacka denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheng Qiang Chen,* No. A97 391 260 (B.I.A. March 20, 2006), *aff'g* No. A97 391 260 (Immig. Ct. N.Y. City May 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the sub-

stantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 406 (2d Cir.2005); Tian–Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir. 2004); see also Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 158 (2d Cir.2006) (noting that affirmance is appropriate, in spite of deficiencies in an adverse credibility determination, when it can be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ and BIA found that Chen's testimony lacked credibility due to several inconsistencies in the record and Chen's failure to provide the immigration court with sufficient evidence to corroborate his claim. The IJ faulted Chen for confusing the date on which Chinese family planning officials visited his home to demand that his wife be sterilized, for inadequately explaining discrepancies between his account of this same incident in testimony and his account to an asylum officer during a credible fear interview, and for providing inconsistent and implausible testimony about whether he and his wife hid from officials after they discovered his wife had become pregnant in violation of the Chinese family planning policy. The IJ also noted three omissions from the personal data section of Chen's I–589, which Chen admitted to but could not explain at his hearing. Additionally, the IJ found that Chen's failure to provide a statement from his wife undermined the credibility of his claim.

Although some of these inconsistencies and omissions seem minor in isolation, when viewed in the aggregate, the IJ's adverse credibility finding is justified. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal quotation marks omitted). Moreover, the existence of "substantial" discrepancies, such as Chen's various inconsistencies regarding events surrounding threats of sterilization made by family planning officials, are proper grounds for an agency's adverse credibility finding. Secaida–Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003). The IJ did not err in using the credible fear interview notes when assessing Chen's credibility as these notes were sufficiently reliable. See Diallo v. Gonzales, 445 F.3d 624, 631–32 (2d Cir.2006); In re S–S–, 21 I. & N. Dec. 121, 1995 WL 688875 (BIA 1995).

Finally, the IJ did not err in finding that Chen's failure to provide a statement from his wife undermined his credibility. Such failures may properly bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen, 434 F.3d at 164. Although the IJ was not required to make an explicit showing, there was enough evidence in the record for him to believe that a letter from Chen's wife could have been reasonably obtained. Cf. Zhou Yun Zhang, 386 F.3d at 78 (noting that the issue of availability "hardly ... presented any real concerns" when the applicant was able to produce other documents from China). Moreover, it was Chen's burden to establish his eligibility for relief. As a result, his claim that he did not know until a few days before the hearing that his attorney had not re-

ceived his wife's statement was insufficient.

Chen has waived any challenge to the IJ's denial of withholding and CAT relief by failing to meaningfully address these issues in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).