Dawa DOLMA, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 06–3712–ag.

United States Court of Appeals, Second Circuit.

May 10, 2007.

Iqbal S. Ishar, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Liza S. Murcia, Attorney, Office of Immigration Litigation, Washington D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Dawa Dolma, a native of the People's Republic of China and stateless, seeks review of a July 10, 2006 order of the BIA affirming the March 5, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dawa Dolma,* No. A97–852–413 (B.I.A. July 10, 2006), *aff'g* No. A97–852–413 (Immig. Ct. N.Y. City Mar. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Two of the IJ's findings that formed the basis for the adverse credibility determination are not supported by substantial evidence. First, the IJ relied on an inconsistency between the memorandum memorializing Dolma's asylum interview, which indicates that Dolma said that

her husband was arrested in Tibet in 2001, and her assertions in her written asylum application and testimony before the IJ that her husband was arrested only in 1996 and not in 2001. Dolma argues that she never claimed that her husband was arrested in 2001 and that the asylum interview memorandum is, as a result of a mistranslation or misunderstanding, inaccurate. We have held that such a memorandum will be reliable only if it "contain[s] a meaningful, clear, and reliable summary of the statements made by the applicant at the interview." *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir.2006) (quoting *Matter of S–S–*, 21 I. & N. Dec. 121, 124 (BIA 1995) (internal quotations omitted)). Here, the interview summary does not describe the specific questions asked or record the interview verbatim. *See id.* In light of this, and because Dolma has identified a specific error in the memorandum and has otherwise testified clearly and consistently regarding this issue,[1] the probative value of this inconsistency as to Dolma's credibility is minimal and it was unreasonable for the IJ to rely on it.

Second, the IJ's implausibility finding is also not reasonable. The IJ found it implausible that the police would come to Dolma's house in 2001 to search for her husband when he had already been arrested in Tibet, as Dolma allegedly claimed in her asylum interview. Because this implausibility is premised on the accuracy of the asylum interview memorandum, which we have found unreliable on this issue, it was unreasonable for the IJ to rely on it.

All that remains, then, is the conceded inconsistency between Dolma's testimony and her witness'. The witness testified that Dolma told her that she had been arrested for protesting, yet Dolma testified that she had never been arrested for protesting. We need not decide whether this inconsistency, standing alone, could support an adverse credibility finding.[2] Because the IJ's evaluation of this inconsistency may have been influenced by the defective inconsistency and implausibility findings we addressed above, we are unable to conclude that the IJ would adhere to her adverse credibility determination on remand. *See Cao He Lin*, 428 F.3d at 395.

Accordingly, we grant the petition for review with respect to Dolma's asylum claim and remand so the IJ can reevaluate Dolma's credibility. However, Dolma does not argue that she is entitled to withholding of removal or CAT relief, and we therefore deem any challenge to the agency's denial of withholding of removal or CAT relief abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED with respect to the asylum claim and DENIED with respect to the withholding of removal and CAT claims, the order of the BIA is VACATED as to the asylum claim, and the case is REMANDED for further proceedings consistent with this order.

---

1. Dolma presented a consistent story, in all material respects, in her asylum application and testimony before the IJ, and the IJ observed that "[w]hen [Dolma] testified on direct examination she was specific and to the point."

2. We note, however, that Dolma otherwise testified clearly and consistently and it was the witness, not Dolma, who presented an account more favorable to Dolma's claim.