SUMMARY ORDER

Pierre Philippe Leonard, a native and citizen of Haiti, seeks review of a June 30, 2008 order of the BIA affirming the November 16, 2006 decision of Immigration Judge (“IJ”) Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Pierre Philippe Leonard, No. A95 241 125 (B.I.A. Jun. 30, 2008), aff'g No. A95 241 125 (Immig. Ct. Hartford, Conn., Nov. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the IJ’s adverse credibility determination is supported by substantial evidence. In finding Leonard not credible, the IJ relied largely on discrepancies that arose between Leonard’s asylum interview and his testimony in immigration court. As an initial matter, we conclude that the record of Leonard’s asylum interview “contains a meaningful, clear, and reliable summary of the statements made by [Leonard] at the inter *33 view,” and therefore meets the minimum standard for reliability. Maladho Djehe Diallo v. Gonzales, 445 F.3d 624, 632 (2d Cir.2006), 445 F.3d at 632 (quoting Matter of S-S-, 21 I. & N. Dec. 121, 124 (BIA 1995)).
In a pre-REAL ID Act case like the one at issue here, to form the basis of an adverse credibility determination, a discrepancy must be “substantial” when measured against the record as a whole. See Secaida-Rosales v. INS, 331 F.3d 297, 308-309 (2d Cir.2003). Here, the inconsistency between Leonard’s testimony at his asylum interview that he was persecuted on account of his work as an ALAH party activist, and his testimony at his merits hearing that he was persecuted because he reported the drug trafficking activities of the bus company where he worked as a tour guide, was indeed substantial. Id.
Leonard’s allegation that he was detained by Haitian authorities for three days in 1999 on account of his work gathering evidence about drug trafficking between Haiti and the Dominican Republic also contradicts his claim at his asylum interview that his problems in Haiti did not begin until July 2000.
Such substantial discrepancies go to the heart of Leonard’s claim and cast doubt on his assertion that he was persecuted because he denounced the trans-national drug trafficking crimes of the bus company where he worked. Id.
In making his adverse credibility determination, the IJ also found inherently implausible Leonard’s claim that he had continued to work for the bus company after it was revealed that he had reported the company’s illicit activity. We have held that “when an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008). When considered in light of the entire record, the IJ reasonably found Leonard’s claim implausible. Id.
Inasmuch as Leonard’s testimony had already been called into question, moreover, it was proper for the IJ to rely on his failure to corroborate his claim in finding him not credible. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). In particular, the IJ noted that Leonard had failed to provide any evidence from the ALAH party to corroborate his assertion that he was a member.
The IJ’s adverse credibility determination was thus supported by substantial evidence, and his denial of Leonard’s application for asylum was therefore proper. 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. And inasmuch as Leonard based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that claim to lack credibility, his withholding of removal and CAT claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, to the extent Leonard argues that the IJ violated his due process rights by failing to consider the transcript from his previous hearing, we conclude that he has failed to articulate how he was “denied [] a full and fair opportunity to present [his] claims.” See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 104-05 (2d Cir.2006). Accordingly, his due process claim must fail.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.