SUMMARY ORDER

Petitioner Djenabou Bah, a native and citizen of Guinea, seeks review of an August 29, 2008 order of the BIA affirming the June 7, 2006 decision of Immigration Judge (“IJ”) Noel Ferris denying Bah’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Djenabou Bah, No. A95 377 855 (B.I.A. Aug. 29, 2008), aff'g No. A95 377 855 (Immig. Ct. N.Y. City June 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, wé review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that substantial evidence supports the IJ’s determination that Bah was not credible. The IJ found that: (1) Bah’s initial asylum application asserting that she was raped once, in 2000, was inconsistent with her testimony and her second asylum application, both of which asserted that she was raped twice, in 1998 and 2000 when she was detained by the government; (2) the medical record Bah submitted was dated in 2001 and thus inconsistent with her testimony and asylum application stating that she sought treatment after she was raped and released from detention in July 2000; and (3) Bah conceded that she told the asylum officer at her asylum interview that she had been raped once, in 1998. The IJ properly declined to credit Bah’s explanations for these inconsistencies. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Bah argues that the IJ erroneously relied on her statements at the asylum interview to support her adverse credibility determination because “she was not permitted to see a transcript of her testimony or the asylum officer’s notes or to cross-examine the asylum officer.” Petr. Br. at 13. However, Bah, who was represented *88 by counsel before the IJ, did not object to the use of her asylum interview statement in questioning her and only raises that issue in the first instance in her brief to this Court. Bah thus failed to exhaust her objection to the use of her asylum interview statement before the agency. See Matter of R-S-H-, 23 I. & N. Dec. 629, 638 (B.I.A.2003), cited with approval by Torres de la Cruz v. Maurer, 483 F.3d 1013, 1023 (10th Cir.2007) (finding that because the BIA’s ability to engage in factfinding is limited by 8 C.F.R. § 1003.1(d)(3), a petitioner’s failure to raise an issue before the IJ properly waives that issue on appeal to the BIA).[2]
The inconsistencies and evidentiary gaps identified by the IJ go to the heart of Bah’s claim, as they call into question whether she was ever detained by the Guinean authorities and raped while in custody. See Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003).[3] Because Bah has not shown that a reasonable adjudicator would have been compelled to conclude contrary to the IJ’s factual findings, we cannot conclude that the IJ’s adverse credibility determination was erroneous. See 8 U.S.C. § 1252(b)(4)(B). Moreover, because the only evidence of a threat to Bah’s life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

. Bah’s asylum interview statement is not in the record before us. While our review would generally be frustrated where a document on which the IJ largely relied for his credibility determination is not in the record, that concern is not present in this instance because Bah does not assert that the asylum interview statement is an unreliable document. To the contrary, she conceded to having provided inconsistent statements at her asylum interview. Cf. Maladho Djehe Diallo v. Gonzales, 445 F.3d 624, 631-33 (2d Cir.2006) (requiring an asylum interview record to meet the minimum standards of reliability set forth in Matter of S-S-, 21 I. & N. Dec. 121, 123-24 (B.I.A.1995), i.e., that "the record must contain a meaningful, clear, and reliable summary of the statements made by the applicant at the interview").

. The REAL ID Act is inapplicable to cases in which the asylum application was filed before May 11, 2005, and thus the holding of Secaida-Rosales is relevant here. See Liang Chen v. U.S. Att'y Gen., 454 F.3d 103, 107 n. 2 (2d Cir.2006). Bah's asylum application was filed in February 2002.