**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1736

HABTAMU YEMANE GEBERETENSIA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 28, 2011    Decided: December 13, 2011

Before GREGORY, AGEE, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Habtamu Yemane Geberetensia, Petitioner Pro Se.   Michael Christopher Heyse, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Habtamu Yemane Geberetensia, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not

2

eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the adverse credibility finding.[1] We further conclude that Geberetensia failed to present sufficient independent evidence of persecution, notwithstanding the adverse credibility determination, as discussed in Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). We therefore uphold the denial of Geberetensia's requests for asylum and withholding of removal. See id. at 367 ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Finally, we conclude that substantial evidence supports the finding that Geberetensia failed to meet the

---

[1] We uphold the agency's use of the written summary of Geberetensia's asylum interview as the interview record meets the "minimum" standard of In re S-S- in that it "contain[s] a meaningful, clear, and reliable summary of the statements made by [Geberetensia] at the interview." In re S-S-, 21 I. & N. Dec. 121, 124 (B.I.A. 1995).

standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2011). We find that Geberetensia failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review.[2] We also deny the pending motion for assignment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[2] To the extent that Geberetensia challenges the Board's denial of his motion to remand, we have reviewed the denial of this motion and find no abuse of discretion. See Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (setting forth standard of review).