Wan v. Lynch

BIA
Morace, IJ
A205 043 435

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand sixteen.

PRESENT:
    JOHN M. WALKER, JR.,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

JING WAN,
        *Petitioner,*

    v.                                          14-4218
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John S.
                         Hogan, Assistant Director; David H.
                         Wetmore, Trial Attorney; Lisa M.

Southerland, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jing Wan, a native and citizen of the People's Republic of China, seeks review of an October 16, 2014, decision of the BIA affirming an April 22, 2013, decision of an Immigration Judge ("IJ") denying Wan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Wan,* No. A 205 043 435 (B.I.A. Oct. 16, 2014), *aff'g* No. A 205 043 435 (Immig. Ct. N.Y. City Apr. 22, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions, "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Wan's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The agency did not violate Wan's due process rights by relying on the notes from her asylum interview.  Evidence may be admitted in immigration proceedings "if it is probative and its use is fundamentally fair."  *Montero v. INS*, 124 F.3d 381, 385-86 (2d Cir. 1997).  "Fairness in this context 'is closely related to the reliability and trustworthiness of the evidence.'"  *Id.* at 386 (quoting *Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir. 1996)).  Notes from an asylum interview do not

3

warrant the "special scrutiny" given to records of airport or credible fear interviews. *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006). To rely on notes from an asylum interview, the IJ need only determine that the record "contain[s] a meaningful, clear, and reliable summary of the statements made by the applicant at the interview." *In re S-S-*, 21 I. & N. Dec. 121, 124 (B.I.A. 1995); *see also Diallo*, 445 F.3d at 632-33 (relying on the "useful guidance" in *Matter of S-S-*). As the IJ found, a monitor oversaw the translations, the notes were detailed, and there was no evidence of difficulty communicating with the interpreter. Given these considerations, the IJ did not violate Wan's due process rights in concluding that the notes bore sufficient indicia of reliability to be entitled to considerable weight. *See Diallo*, 445 F.3d at 632-33. Further, the Government was not required to introduce the notes in advance of the hearing, as they were impeachment evidence. *See* Imm. Ct. Pract. Man. Ch. 3.1(b)(ii)(A).

As the agency did not err in relying on the interview notes, substantial evidence supports the adverse credibility determination, which was based largely on inconsistencies between the asylum interview and Wan's testimony. Wan's asylum

claim was that she was forced to have an abortion after she became pregnant by a U.S. citizen, whom she met in China while she was working as a tour guide. Wan testified that she met Joseph Pereira while she was working as a tour guide, but at the asylum interview she claimed to have met him online before he came to China and that he came to China in order to meet her in person. She explained this inconsistency by denying that she had said this in the asylum interview and by stating that she did not recall the asylum interview clearly. These explanations do not compel a reasonable fact-finder to credit her testimony, given the degree of specificity of the asylum interview notes with respect to their meeting. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Further, Wan testified inconsistently with her asylum interview regarding her relationship with Pereira after she discovered that she was pregnant. While she told the asylum officer that Pereira was very happy when he learned of her pregnancy, that they wanted to get married, and that they continued to communicate over the Internet after this conversation, she testified that his response to her pregnancy was simply to tell her to take care and that they ceased

5

communicating immediately afterward.  Her explanation for this inconsistency was that she was only asked at the asylum interview whether she *could* have communicated with him, rather than whether she actually did. Once again, this explanation is unconvincing.  *See id.*

Finally, the IJ did not err in finding that Wan's lack of reliable corroboration further undermined her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably found that the letter from Wan's parents was inadequate to corroborate her testimony, because it merely mentioned the date of the abortion with no further details.  *Xiu Xia Lin*, 534 F.3d at 166 n.3; *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).  While the BIA mischaracterized the IJ's decision as finding that Wan could have introduced medical documentation, this error is harmless: because the lack of corroboration was used to bolster the credibility finding rather than as an independent ground for denying relief, the IJ was not required to specify evidence that Wan could have introduced.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk