**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3416
_____

ARVINDER SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-906-120)
Immigration Judge: Alberto J. Riekkohl

Submitted under Third Circuit LAR 34.1(a)
On June 18, 2020

Before: JORDAN, MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: December 29, 2020)

O P I N I O N*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**ROTH**, <u>Circuit Judge</u>:

Nearly nine years after the Board of Immigration Appeals (BIA) terminated his case, Arvinder Singh moved to reopen it for the second time. For reasons that follow, we will deny Singh's petition for review.

## I.[1]

Singh, a native of India, entered the United States in February 1993. After his application for asylum and withholding of removal was denied, the former Immigration and Naturalization Service placed him in removal proceedings pursuant to 8 U.S.C. § 1231(a)(1)(B) as an alien present in the United States without having been inspected. Singh appeared at his deportation hearing in April 1995. At the conclusion of that hearing, the Immigration Judge (IJ) issued a decision denying Singh's application for relief and ordering his removal to India. Singh's appeal to the BIA was summarily dismissed in January 2001 after he failed to submit a written statement or brief.

Instead of petitioning this Court for review, Singh moved to reopen his case with the BIA in December 2008. The BIA denied this untimely motion in April 2009 and denied Singh's motion to reconsider its denial in November 2009. Finally, in August 2018, Singh filed the instant motion to reopen. The BIA denied it in September 2019. He petitioned for review.

## II.[2]

---

[1] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary.

[2] The BIA had jurisdiction over Singh's case under 8 C.F.R. §§ 1003.1(b), 1003.38, and

A.

"We review the denial of a motion to reopen for abuse of discretion and may reverse only if the denial is arbitrary, irrational, or contrary to law."[3] In general, "an alien may file only one motion to reopen . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."[4] Singh does not dispute that his second motion to reopen, filed nearly nine years after the BIA had denied his motion to reconsider, would have been barred but argues that it is exempt from the bar on successive or untimely motions to reopen because of 8 C.F.R. § 1003.2(c)(3)(ii). Section 1003.2(c)(3)(ii) provides an exception when an alien moving to reopen is applying or reapplying for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

To meet the exception, a petitioner must prove changed country conditions by providing evidence that "(1) is material and (2) was not available and could not have been discovered or presented at the previous hearing."[5] The BIA "compare[s] the evidence of country conditions submitted with the motion to [evidence of the conditions]

---

1240.15. We have jurisdiction over this appeal under 8 U.S.C. § 1252.

[3] *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 110 (3d Cir. 2017) (quoting *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir. 2012)).

[4] 8 C.F.R. § 1003.2(c)(2).

[5] *See Bamaca-Cifuentes*, 870 F.3d at 112 (internal quotation marks omitted) (quoting (8 C.F.R. § 1003.2(c)(3)(ii)).

that existed at the time of the merits hearing below."[6]  Here, the BIA found that the evidence Singh submitted in connection with his deportation hearing in April 1995 was "void of country conditions evidence" while the evidence Singh submitted with the instant motion largely "pertains to conditions in India since 2005, and lacks material evidence regarding conditions in India at the time of [Singh]'s deportation hearing."[7]  Thus, the BIA concluded, Singh could not establish "changed circumstances arising in India since his 1995 deportation hearing."[8]

Our review of the record indicates that Singh submitted at least some relevant evidence regarding conditions in India around 1995 with his first motion to reopen.[9]  However, we agree with the BIA that no country conditions evidence Singh now submits is material—put differently, sufficient to change the result of Singh's application for relief[10]—in light of the adverse credibility finding the IJ made against him after finding his testimony to be riddled with inconsistencies.  Irrespective of how much evidence Singh can muster regarding the persecution of a group in India, his application for relief on the basis of asylum and withholding of removal cannot succeed if his representation that he belonged to that group and was subject to persecution as a result is not credible.[11]

---

[6] *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

[7] App. 6.

[8] *Id.*

[9] We also note that in his opening brief, Singh repeats portions of his testimony at his deportation hearing in April 1995 relating to his encounters with Indian law enforcement in 1992.

[10] *Khan v. Att'y Gen.*, 691 F.3d 488, 496 (3d Cir. 2012).

[11] *See id.* at 497; *In Re S-S-*, 21 I. & N. Dec. 121, 123 (BIA 1995) ("A persecution claim which lacks veracity cannot satisfy the burden of proof and persuasion necessary to demonstrate eligibility for asylum and withholding relief.").

Thus, we agree with the BIA that Singh cannot meet the changed country conditions exception and accordingly find no abuse of discretion in the BIA's denial of his second motion to reopen.

B.

Singh also asserts that his second motion to reopen should be equitably tolled due to ineffective assistance of counsel. "Ineffective assistance of counsel can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence."[12] Due diligence must be exercised from the point that "the ineffective assistance of counsel was or should have been discovered" until the filing of the motion to reopen in question; the period between the final administrative decision and the motion to reopen cannot exceed 90 days after tolling is taken into account.[13] The BIA noted that Singh "was aware of the possibility of judicial review of a [BIA] decision" before his motion for reconsideration was denied and stated that it was "not persuaded that [Singh] has exercised due diligence in bringing this ineffective assistance of counsel claim."[14] We review this conclusion de novo.[15]

It is undisputed that the counsel who represented Singh in his first motion to reopen failed to petition this Court for review. Singh acknowledges that after his motion to reconsider was denied, counsel had informed him that a petition for review must be

---

[12] *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011).
[13] *Id.*
[14] App. 6–7.
[15] *Contreras*, 665 F.3d at 583 (citing *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153–54 (3d Cir. 2007)).

filed. Singh also avers that he was thereafter continuously in touch with counsel, who told him that his case was pending; Singh states that he "completely relied on [counsel's] expertise and knowledge."[16] It was only when he got tired of waiting and retained his current counsel to review his file that he discovered counsel's failure to file a petition for review.[17] However, Singh did not pursue his petition for review for nearly nine years after he learned that his motion for reconsideration had been denied. There is no evidence from which we can find that he exercised due diligence during that period.[18] Thus, he would not be entitled to equitable tolling.

IV.

For the foregoing reasons, we will deny Singh's petition for review.

---

[16] Administrative Record (AR) 31.
[17] AR 31.
[18] *See Mahmood v. Gonzales*, 427 F.3d 248, 252–53 (3d Cir. 2005) (finding "periods of unaccounted-for delay" adding up to less than three years to "reveal a lack of diligence").