20-1712
*Kalluci v. Garland*

BIA
Conroy, IJ
A200 648 012 & 206 301 609/610

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-two.

PRESENT:
   RICHARD J. SULLIVAN,
   WILLIAM J. NARDINI,
   EUNICE C. LEE,
    *Circuit Judges.*
_____

BRIXHIDA KALLUCI, LORNA KALLUCI, AGNES KALLUCI,

   *Petitioners*,

   v.           No. 20-1712
                   NAC

MERRICK B. GARLAND, United States Attorney General,

   *Respondent*.
_____

**FOR PETITIONERS:** Gregory Marotta, Law Office of Gregory Marotta, Vernon, NJ.

**FOR RESPONDENT:** Bryan Boynton, Acting Assistant Attorney General, Civil Division; Michelle Latour, Deputy Director, Office of Immigration Litigation; Spencer Shucard, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Brixhida Kalluci ("Kalluci"), and her daughters Lorna and Agnes Kalluci, all natives and citizens of Albania, seek review of a May 20, 2020 decision of the BIA affirming a May 4, 2018 decision of an Immigration Judge ("IJ") denying Kalluci's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), to which she had named Lorna and Agnes as derivative beneficiaries. *In re Brixhida Kalluci, et al.*, Nos. A200 648 012 & 206 301 609/610 (B.I.A. May 20, 2020), *aff'g* No. A 200 648 012 & 206 301 609/610 (Immig. Ct. N.Y. City May 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In her brief, Kalluci challenges the IJ's adverse-credibility finding, which

2

was its sole basis for denying her claims for relief.[1]  We review an adverse-credibility determination for substantial evidence, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and will deviate from such a determination only if, "from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id.* (internal quotation marks omitted).  On review, we ask "whether the agency has provided 'specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding.'"  *Id.* at 77 (quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)).  An adverse-credibility determination may be based on, among other factors, inconsistencies "between the applicant's or witness's written and oral statements" as well as "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).

Here, substantial evidence supports the agency's adverse-credibility determination, including significant inconsistencies between Kalluci's asylum interview, hearing testimony, and documentary evidence.  *See id.*  During her asylum interview, Kalluci stated that, between 2:00 p.m. and 5:00 p.m. on July 1,

---

[1] Because the adverse-credibility determination is dispositive of all of Kalluci's claims, we do not reach the government's argument that Kalluci waived her claims for withholding of removal and CAT relief.

3

2013, she was kidnapped, taken to the woods, and raped by three men, who threatened to harm her again if she continued her political activity. According to Kalluci, this incident motivated her to leave Albania and to apply for a tourist visa at the U.S. embassy. At her hearing, however, Kalluci testified that she was kidnapped and raped later in the day on July 1, 2013 – at around 8:00 p.m. Although a discrepancy of a few hours might not ordinarily be cause for concern, the timeline here was crucial given that Kalluci's visa application – which she admitted she submitted in person at the embassy – reflected that it was received and time-stamped on July 1, 2013 at 4:38 p.m. In other words, the documentary evidence revealed that Kalluci was present at the embassy filing a visa application *during or before* the time that she was allegedly being kidnapped and sexually assaulted – the incident that purportedly motivated her to file a visa application in the first place.

The agency was not required to accept Kalluci's explanation that she was mistaken during her asylum interview due to stress. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *see also Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir.

4

2006) (holding that an agency may rely on record of asylum interview as a basis for an adverse-credibility determination if it contains a "meaningful, clear, and reliable summary of the statements made by the applicant at the interview" (quoting *In re S-S-*, 21 I. & N. Dec. 121, 124 (B.I.A. 1995)). And in any event, Kalluci's hearing testimony was also inconsistent with the visa application, since she reiterated at the hearing that "an incident happened to me on the 1st of July that after that pretty much made up my mind and convinced me I had to leave my country." Certified Admin. Record at 112–13. Kalluci was adamant that the kidnapping and assault took place in the evening of July 1st, and that "soon *after this incident*, [she] and [her] husband decided [they] had to leave" Albania. *Id.* at 118 (emphasis added). But the visa application bore a timestamp indicating that Kalluci actually arrived at the embassy to initiate the visa process earlier in the day on July 1st – *before* the alleged incident took place. The IJ also did not err in granting significant weight to the record of the visa application after noting that it appeared to have been produced in the normal course of business. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Felzcerek v. INS*, 75 F.3d 112, 116 (2d Cir. 1996) (holding that "records made by public officials in the ordinary course of their duties . . . evidence strong indicia of reliability").

5

The agency reasonably concluded that other inconsistencies in the record, concerning whether Kalluci knew who had killed her father and how she learned that he had been tortured, further undermined her credibility. It also reasonably relied on her vague responses to the questions posed at the hearing. Most dramatically, Kalluci asserted in her application that she and her family were mistreated on two specific dates, but could not provide any description of how she was harmed when asked about them. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated. . . . [and] may wish to probe for incidental details."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007). The multiple inconsistencies and vague responses about alleged incidents of persecution provide substantial evidence for the adverse-credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

We have considered all of Petitioners' remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is

**DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court