**KANGYI WEN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 08–6154–ag.**

United States Court of Appeals, Second Circuit.

Aug. 21, 2009.

Peter L. Quan, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Kangyi Wen, a native and citizen of China, seeks review of a November 20, 2008 order of the BIA affirming the April 5, 2007 decision of Immigration Judge ("IJ") George Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kangyi Wen,* No. A094 889 153 (B.I.A. Nov. 20, 2008), *aff'g* No. A094 889 153 (Immig. Ct. N.Y. City Apr. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir.2008).[2]

In making his adverse credibility determination, the IJ reasonably relied on discrepancies between the record of Wen's asylum interview and his testimony. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006). In his asylum interview, Wen stated the following: Chinese officials demanded that he build public restrooms on land that he had leased, but when he had difficulty raising the money to build them, he was arrested. After he was released, the land where the restrooms were to be built was "closed by the police and court," and it was "still sealed." He feared future persecution in China "as a result of [his] failure to complete the construction." Wen testified before the IJ, however, that he had built the restrooms.

While the record of an asylum interview is more reliable when it describes the specific questions asked or records the interview verbatim, an interview record even without such assurances of reliability nevertheless meets the minimum standard, and it may be relied on as a basis for an adverse credibility determination as long as it contains a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview." *See*

*Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 631–33 (2d Cir.2006) (quoting *Matter of S–S–*, 21 I. & N. Dec. 121 (BIA 1995)) (internal quotations omitted). Here, as the record contains a meaningful, clear, and reliable summary of the statements Wen made at the asylum interview, the IJ did not err in relying on that record in making his adverse credibility determination. *See id.* Moreover, in making his adverse credibility determination the IJ properly relied on the discrepancies between the interview record and Wen's testimony. *See Xiu Xia Lin*, 534 F.3d at 165.

Ultimately, the agency's adverse credibility determination and the resulting denial of Wen's application for asylum were supported by substantial evidence. *See id.* Because Wen based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin*, 534 F.3d at 165.

3. To the extent that Wen asserts in his brief that he is eligible for CAT relief based on his "attempt to stop a forced abortion," we decline to review these specific arguments that were raised in this Court in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007).